## TIMOTHY BURNS v. KOOCHICHING COMPANY.[1]

May 12, 1897.

Nos. 10,450—(73).

**Corporation—Validity of Contract—Authority of Agent.**

> *Held* that, upon the admissions in the answer and upon the evidence, the jury was justified in finding that one R. had authority to make, in behalf of the defendant, the contract alleged in the complaint; also that he did make such a contract.

**Same—Damages for Preventing Fulfillment.**

> *Held,* also, that the plaintiff failed to make out any case for the recovery of damages resulting from defendant's preventing him from completing the work under the contract.

Appeal by defendant from an order of the district court for Itasca county, Holland, J., refusing a new trial after a verdict for plaintiff for $1053.32. Affirmed on conditions.

*Choate & Merrill,* for appellant.
*True & Price,* for respondent.

MITCHELL, J. The allegations of the complaint were that the plaintiff and defendant, a corporation, entered into a contract for cutting and clearing off the standing timber on a highway between Grand Rapids and Rainy river, in Itasca county, from the northerly line of that county to a point called Lopers, a distance of 70 miles; that in pursuance of such contract plaintiff entered upon the performance of said work, and cut and cleared 28 1-2 miles of the road, which was of the reasonable value of $50 per mile, and was preparing to perform the balance of the work, when the defendant, without cause, stopped and prevented him from doing the balance of it. . Judgment was demanded for the value of the work actually done, and for damages caused by being prevented from completing the contract.

The answer admits that the defendant did enter into an agreement with the plaintiff, but alleges that the terms of the contract were that plaintiff was to cut and clear only 10 miles of the road referred to, and that in consideration thereof defendant agreed to convey to

[1] Reported in 71 N. W. 26.

plaintiff two lots in the town of Koochiching; that as part of the same agreement defendant was to advance the plaintiff some money, and guaranty the payment of certain accounts for provisions and supplies with which to prosecute the work, as security for the payment of which the defendant was to hold the title of the lots referred to; that defendant did advance plaintiff some money, and did guaranty and become responsible for an account for provisions and supplies purchased by the plaintiff, which the defendant has had to pay. The answer alleges that this contract was modified during the progress of the work, but we fail to discover that the modification, if any there was, has any bearing upon any of the points raised by the defendant on this appeal. The defendant demanded judgment against the plaintiff for the money advanced to him or paid for his use and benefit.

Defendant's counsel have so unnecessarily and unreasonably multiplied the assignments of error, 91 in number, and have discussed so few of them, that we do not feel called upon to review them in detail, but shall confine ourselves to a consideration of those propositions which counsel have advanced in their brief. The first and second of these propositions, viz. that "the evidence does not tend to establish a contract," and that "the verdict is unsupported by the evidence," are virtually one and the same, and may be considered together. In support of these propositions two points are urged: (1) That there is no evidence that Rockwood, the person with whom plaintiff claimed to have bargained, ever made any such contract with plaintiff as alleged; (2) that there was no evidence that Rockwood had authority to make any contract on behalf of the defendant. There is no merit in the first of these points. Plaintiff's counsel was not very happy in his method of examining his witnesses, so as to fully elicit all the facts; but the testimony of the plaintiff, corroborated to some extent by other witnesses, was sufficient to justify the jury in finding that a contract was entered into as alleged between plaintiff and Rockwood assuming to act in behalf of the defendant corporation.

We think the second point is equally without merit. It will be observed that the answer admits the making of a contract between plaintiff and defendant in reference to clearing this road. The only disagreement between the parties is as to its terms. It conclusively

appears from the evidence that whatever contract was entered into was made by Rockwood acting in behalf of the defendant. He was the only person that appeared or acted for the defendant from start to finish. It therefore stands as an admitted fact that Rockwood did have authority to make contracts in behalf of the defendant in reference to clearing this road which was the subject of the agreement with plaintiff. It does not appear that there were secret limitations upon his authority in the premises, or, if so, that plaintiff had any notice of them. Nor is it claimed that the contract was ultra vires the corporation. There is no foundation in the evidence for the suggestion that Rockwood had no original authority to make any contract but the contract which he said he made; and that only became binding on the corporation by subsequent ratification, for there is no evidence of ratification. All that the case shows is that he stated to one or two of the other directors his version of the contract which he had made with the plaintiff.

2. The plaintiff made out no case for the recovery of damages by reason of his being prevented from completing the job of clearing the whole 70 miles of road. It appears from the evidence that while defendant was interested in opening up this road in order to benefit the townsite which it was developing, yet the road had been laid out by the county commissioners as a county highway. The evidence is to the effect that plaintiff was prevented from completing the work, not by any act or omission on part of the defendant, but by the orders of the county commissioners, who proposed to change the line of the remaining part of the road. Upon this state of facts the plaintiff had laid no foundation for the introduction of evidence as to damages for a breach of the contract; yet under defendant's objection and exception the court permitted him to introduce evidence on that question, which was also in itself incompetent. The plaintiff testified that his damage was from $100 to $150, the latter being the highest estimate, and presumably all that the jury allowed him, if they allowed him anything by way of damages. Plaintiff's evidence would have justified the amount of the verdict merely as the reasonable value of clearing the 28 1-2 miles, but according to defendant's evidence it might have been several hundred dollars less. Therefore we do not know but that the jury has included in the verdict $150 dam-

ages for the alleged breach of the contract. Therefore it is ordered that a new trial be granted, unless the plaintiff, within 20 days after the filing of this opinion, file with the clerk of the district court of Itasca county a consent to remit $150 from the amount of the verdict, in which event a new trial will be denied, and judgment in favor of the plaintiff entered on the verdict as thus reduced.

So ordered.