(No. 22120.—

Harry S. Streeter, Admr., Plaintiff in Error, *vs.* Calista Humrichouse, Defendant in Error.

*Opinion filed June 15, 1934.*

236

EVA L. MINOR, and MILLER & SHAPIRO, for plaintiff in error.

JOHN A. MAYHEW, and MANN & STIFLER, for defendant in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On September 23, 1927, the deceased, Burry J. McGann, a switchman employed by the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, was injured at the crossing of the railroad tracks and Court street, (State highway No. 17,) in the city of Kankakee. He died as a result of the injuries he received in a collision between the switch engine on which he was riding and the automobile of the defendant in error (herein called the defendant). Suit was brought by the plaintiff in error, Harry S. Streeter, as administrator (herein called the plaintiff). The declaration contained fifteen counts. At the first trial a verdict of $3500 was returned in favor of the plaintiff. A new trial was granted. At the second trial the jury returned a verdict in favor of the plaintiff for $10,000. Judgment was entered, and on appeal to the Appellate Court for the Second District the judgment was reversed and the cause was remanded. (*Streeter* v. *Humrichouse*, 261 Ill. App. 556.) Before the third trial in the circuit court of Kankakee county, the defendant, Calista Humrichouse, filed a special plea setting up a rule of the railway company. This

rule forbade employees riding on the leading foot-board of a switch engine when they were not actually at work on a switching or yard lead-track. At this trial the jury failed to agree. At the close of the evidence for the plaintiff in the fourth trial the defendant moved for a directed verdict. The court allowed this motion as to the first, sixth, ninth, thirteenth and fourteenth counts of the declaration, which charged willful and wanton injury to the deceased. This trial resulted in a verdict of not guilty. The motion for a new trial was overruled and judgment was entered in favor of the defendant. The Appellate Court affirmed this judgment, and the cause is here by *certiorari*.

At approximately 4:45 in the afternoon of the day of his injury Burry J. McGann was riding on the foot-board at the end of the tender of a switch engine on the main track of the railway company. This engine was backing north from the yards south of Court street. Two other members of the switching crew were with him. A man named Tooper was on the foot-board at the west, a man named Dufresne was in the middle and McGann on the foot-board at the east, and all were at the northerly end of the tender. The engine was moving at from fifteen to twenty-five miles per hour. Court street crosses the tracks at the point in question in an easterly direction. It is paved with an eighteen-foot concrete slab. The defendant was traveling east on Court street in her Dodge coupe. Her son John, then seventeen years of age, was driving the coupe.

Plaintiff urges three grounds for the reversal of the judgment. The first is that the trial court erred in allowing the motion to direct a verdict as to those counts of the declaration which charged willful and wanton injury. The second is that the trial court improperly admitted in evidence the rule of the railway company in a suit in which it was not a party. The third is that the trial court erred in the giving and refusal of instructions.

The first decision of the Appellate Court reversed the judgment and remanded the case. Since that was not a final decision it was not reviewable by this court. (*Jones* v. *Young,* 228 Ill. 374; *People* v. *Board of Education,* 275 id. 195.) While it may have constituted the law of the case for the Appellate Court upon the second appeal, it is not binding upon this court in a review of the latter decision. *Stripe* v. *Yager,* 348 Ill. 362; *McLaughlin* v. *Hahn,* 333 id. 83.

With reference to the first contention, the rule is that in passing upon a motion to direct a verdict, if, when all the evidence is considered, with all reasonable inferences drawn from it in its aspect most favorable to the party against whom the motion is directed, there is a total failure to prove one or more necessary elements of the case, the motion should be allowed. (*Williams* v. *Consumers Co.* 352 Ill. 51, and cases there cited.) Ill-will is not a necessary element of a wanton act. To constitute an act wanton, the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of the surrounding circumstances and conditions, that his conduct will naturally and probably result in injury. An intentional disregard of a known duty necessary to the safety of the person or property of another, and an entire absence of care for the life, person or property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal willfulness. *Jeneary* v. *Chicago and Interurban Traction Co.* 306 Ill. 392.

Whether a personal injury has been inflicted willfully or wantonly is a question of fact to be determined by the jury if there is evidence to support the allegation, (*Heidenreich* v. *Bremner,* 260 Ill. 439; *Illinois Central Railroad Co.* v. *Leiner,* 202 id. 624; *Chicago, Burlington and Quincy Railroad Co.* v. *Murowski,* 179 id. 77;) and whether an act is wanton and willful depends upon the circumstances

of each case. The defendant contends that excepting the speed of the Dodge coupe nothing was shown to prove a wanton or willful injury. She relies upon *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Kinnare,* 203 Ill. 388, and cases there cited, and says that they hold that the fact that a train was run in a manner prohibited by an ordinance will not, standing alone, furnish sufficient evidence that an injury was wanton or willful. But in the *Kinnare case* we found that other facts were shown in evidence which, taken together with the violation of the ordinance, established a wanton and willful injury.

What were the facts disclosed by the testimony of plaintiff's witnesses in the case before us? Joseph E. Tooper testified that he saw the Dodge coupe approaching when it was approximately one hundred feet west of the tracks. In his opinion it was traveling at thirty-five miles an hour. It went over the crossing at about the same rate of speed. He said there was no obstruction to the view. His testimoney was corroborated by M. L. Dufresne that the engineer blew the whistle four times for the crossing, and the engine bell was, and had been, ringing. Dufresne saw the Dodge coupe when it was approximately one hundred and ten feet west of the tracks. He stated that it was traveling at from thirty to thirty-five miles per hour; that it did not slow down, and that it swerved to the northeast to get around the switch engine. While Tooper was attempting to get out of the way of the automobile his legs were struck by it and his shins were skinned. Haswell Kibbons, a filling station employee, testified that he heard the engine whistle for the crossing. When it stopped whistling it was about fifty feet south of Court street and the Dodge coupe was one hundred feet west of the crossing. It was traveling at from thirty to thirty-five miles an hour and did not slacken its speed until after it had crossed the tracks. He was filling the gas tank of an automobile at a filling station on the north side of Court street, one hundred feet west

of the railroad. He also testified: "There was no car east of me or between me and the railroad crossing south of the pavement at the time of the accident." A civil engineer, Robert D. Gregg, testified that the distance west from the railroad track to the first building on the south side of Court street was eighty-eight feet. This was a garage, which stood sixty-two feet south of the paved part of Court street. The collision occurred during the daytime. Tooper also testified that by reason of McGann's position on the engine he could not have seen the defendant's automobile approaching without leaning far out from the engine. However, the other two men, Tooper and Dufresne, were in plain view of the defendant. The defendant's son did nothing to avoid the collision, except, perhaps, to swerve his mother's car to the left. He, himself, denied swerving the car.

We cannot agree with the defendant that the speed of the Dodge coupe was the only evidence to support the charge of a willful and wanton injury. We cannot agree that evidence of speed, alone, is insufficient to warrant submitting that question to the jury. In *Balsewicz* v. *Chicago, Burlington and Quincy Railroad Co.* 240 Ill. 238, at page 249, we held that it was proper to refuse an instruction which informed the jury that willfulness or wantonness in the infliction of an injury could not be charged to a railroad company merely because of its failure to comply with a speed ordinance, and that a failure to comply with a speed ordinance may or may not establish willfulness or wantonness, according to the rate of speed and the circumstances shown by the testimony. No ordinance is involved in the case before us, but the speed of the Dodge coupe and the other circumstances in evidence made it necessary for the trial court to submit the question of willfulness and wantonness to the jury. The testimony of the defendant's son, John Humrichouse, which we are not allowed to consider in passing on the ruling of this motion,

which was made at the close of the plaintiff's evidence, that parked automobiles south of the pavement and east of the garage obscured his view until he was a few feet from the track, would lend further support to this conclusion. But in any event, mere contradictory evidence would not warrant directing a verdict for the defendant at the close of all the evidence if that were the case before us. *Balsewicz* v. *Chicago, Burlington and Quincy Railroad Co.* 240 Ill. 238.

The trial court therefore erred in allowing the defendant's motion to direct a verdict as to the first, sixth, ninth, thirteenth and fourteenth counts of the declaration. *Jeneary* v. *Chicago and Interurban Traction Co.* 306 Ill. 392, at 397 and 398.

Plaintiff in error next contends that the trial court erred in admitting in evidence rule 4079 of the railway company. In substance, the special plea set up a rule forbidding employees of the railway company riding on the foot-board of a moving locomotive. Rule 4079 forbade employees riding on the leading foot-board of an engine when not switching on a switching or yard lead-track. When this rule was offered in evidence no objection was made on the ground of a variance between it and the rule pleaded. The objection that was made was that it was incompetent, irrelevant and immaterial; that the rule was not made for the benefit of the defendant; that it does not tend to prove or disprove any issue in the case, and that a private rule of the railroad company promulgated for the regulation of its employees is a matter between the company and its employees, and under no circumstances could it be competent evidence in this case as tending to show contributory negligence on the part of the decedent. Defendant contends that it was proper to show knowledge of the existence of the rule on the part of McGann, the rule itself and the fact of its violation, for the purpose of showing contributory negligence.

If the rule was admissible to prove contributory negligence it could have been introduced under the plea of the general issue and need not have been specially pleaded. We are left, then, to determine the propriety of its admission in evidence over plaintiff's objection. Such private rules, under proper circumstances, are admissible in cases between master and servant. The ground of admissibility is that they are in the nature of an admission on the part of the employer and are admissible against it as such when it is a party to the case. Where admitted in evidence against an employee it is also on the ground that they constitute an admission, but it is not sufficient to show the existence of a given rule and the breach of it alone. It must also appear that such breach was the proximate cause of the injury for it to amount to contributory negligence. In *Carter* v. *Sioux City Service Co.* 160 Iowa, 78, 71 N. W. 26, the suit was brought for the death of a foreman in charge of a switch train of a railroad company against a street car company and one of its conductors for negligently causing the death of the foreman. The defendant offered rules of the railroad company in evidence to show that the deceased foreman was violating the rules when he was killed. In holding that these rules were not admissible in evidence in an action where a third person is involved the court said: "The reason advanced against the admissibility of such rules as between the company and the third person is, that the measure of care required of the railway company is fixed by law and not by the rules. * * * The net result of the conflict of decisions is, that all agree that, even though the rules be admissible in the given case, they cannot be permitted to add to or take away from the standard of law. * * * In the case before us it will be noted that the railway company whose rules were offered in evidence is not a party to the case. Its acts, therefore, are not admissible as being in the nature of admissions. The rules were offered against

the decedent alone, and for the purpose, only, of showing his negligence in that he violated the rules. If it were proposed by conductor Stevens (one of the defendants) to show that he had knowledge of such rules and their usual observance and was in some manner misled by their violation by the decedent, a different question will arise. Following the *Hoffman case, supra,* [157 Iowa, 655, 139 N. W. 165,] there was no error on the part of the trial court in refusing its proffered rules." The case of *Chicago and Alton Railroad Co.* v. *Kelly,* 182 Ill. 267, which involved the death of a railway mail clerk, is distinguishable from the case before us. There we held a rule of the post-office department admissible by reason of the circumstances in that case. The defendant was held to have the duty, by reason of its contractual relations and dealings with the department, to know of the existence of its rules. In *St. Louis, Alton and Terre Haute Railroad Co.* v. *Bauer,* 156 Ill. 106, the question as to the competency of the rule was not before us.

There is a further reason why this rule was not properly admitted in evidence. The fact that plaintiff's intestate was violating the rule at the time he was injured will not bar plaintiff's right to recover unless the breach of the rule in some way proximately contributed as a cause of the accident and injury. Upon the same reasoning we have held that where the violation of an ordinance or statute is relied upon as a defense, such violation must be shown to have been the proximate cause of the injury. (*Lerette* v. *Director General,* 306 Ill. 348; *Graham* v. *Hagmann,* 270 id. 252; *Star Brewery Co.* v. *Hauck,* 222 id. 348.) In the *Lerette case* we said: "The mere fact that plaintiff was violating the law at the time he was injured will not bar his right to recover unless the unlawful act in some way proximately contributed to the accident in which he was injured. [Citing cases.] In determining whether the unlawful conduct of plaintiff will bar his

right to recover there must be kept in mind the distinction between that which directly and proximately produces or helps to produce the result as an efficient cause and that which is a necessary condition or attendant circumstance of it. If the illegal act is a mere condition which made it possible for the accident to occur but is in itself no part of the accident it will not bar recovery. It is, of course, an essential condition of most accidents that the injured party be where he was at the time he was in order for the injury to occur, and the fact that he would not have been there if he had not been violating the law is not in itself a defense." In the case before us McGann's breach of the rule by riding on the foot-board at the end of the tender did nothing more than furnish a condition which made the injury he received possible. It did not directly and proximately produce or help to produce the result as an efficient cause of the collision and consequent injury. It was therefore highly improper to admit in evidence the rule of the railroad company.

Turning to the instructions, the fifteenth instruction told the jury that if the death of the decedent was caused through "accident purely" they should find the defendant not guilty. There was no evidence that McGann was injured through accident, alone, not coupled with negligence, and it was error to give this instruction.

It is not necessary to consider in detail the objections made to the given and refused instructions. The case will have to be re-tried and the instructions must take into consideration the willful and wanton counts of the declaration. It would serve no purpose to extend this opinion by a further discussion of these instructions.

For the reasons indicated, the judgments of the Appellate and circuit courts are reversed and the cause is remanded to the circuit court of Kankakee county for a new trial.

*Reversed and remanded.*