(No. 26633.—

THE COUNTY OF ST. CLAIR, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILL BURNS, Defendant in Error.)

*Opinion filed September 25, 1942.*

LOUIS P. ZERWICK, State's Attorney, and KEVIN KANE, (JOHN J. DRISCOLL, of counsel,) for plaintiff in error.

T. S. MORGAN, for defendant in error.

Mr. JUSTICE GUNN delivered the opinion of the court:

On April 29, 1941, an arbitrator of the Industrial Commission of Illinois filed his decision in the matter of Will Burns upon his petition to receive compensation from the county of St. Clair, and found he was entitled to the sum

of $8.25 per week for a period of twelve weeks for temporary total incapacity, and a further sum of $8.25 per week for a further period of one hundred twenty weeks for the complete loss of the sight of one eye; and further ordered the county of St. Clair to pay into the special fund provided for in paragraph *e* of section 7 of the Workmen's Compensation Act (Ill. Rev. Stat. 1941, chap. 48, par. 144(e),) the sum of $225. The county of St. Clair filed its petition for review of the decision of the arbitrator with the Industrial Commission, contending among other things that Burns was not an employee within the meaning of the Workmen's Compensation act because he was a prisoner in the county jail, and was working under the control and supervision of the sheriff in a mine owned by the county. On September 15, 1941, the Industrial Commission sustained the arbitrator and ordered his decision to stand as the finding of the Industrial Commission, and in its order provided the bond for removal of said cause to the circuit court by the county be fixed at the sum of $1500, and the probable cost of the record was fixed at the sum of $25.

October 17, 1941, the petitioner filed in the circuit court of St. Clair county its petition for writ of *certiorari,* and presented to the clerk of said court a receipt showing the payment to the Industrial Commission of the sum of $25 as the probable cost of the record. The writ of *certiorari* was issued and served upon the Industrial Commission returnable on November 17, 1941, and a writ of *scire facias* issued and served upon the respondent Will Burns. November 7, Burns, through his attorney, filed in the circuit court of St. Clair county a motion to dismiss the proceeding for want of jurisdiction and to quash the writs of *certiorari* and *scire facias.*

The ground of said motion was that the petitioner did not upon the filing of said *praecipe* for said writs file with the clerk of the court a bond conditioned that if the county

did not successfully prosecute said writ of *certiorari* it would pay the award of the Industrial Commission and the costs of the proceeding in court, as required by section 19 of the Workmen's Compensation Act. (Ill. Rev. Stat. 1941, chap. 48, par. 156(f)(2).) To this motion there was attached an affidavit of the circuit clerk of St. Clair county in which it was stated no bond had been filed in the office of the circuit clerk in said cause. The circuit court quashed the writs of *certiorari* and *scire facias* and dismissed the proceeding for want of jurisdiction in that the county of St. Clair had not filed said bond as required by the section of the statute last cited.

The section of the statute involved reads as follows: "No such writ of *certiorari* shall issue unless the one against whom the industrial commission shall have rendered an award for the payment of money shall upon the filing of his *praecipe* for such writ file with the clerk of said court a bond conditioned that if he shall not successfully prosecute said writ, he will pay the said award and the costs of the proceedings in said court. The amount of the bond shall be fixed by any member of the industrial commission and the surety or sureties of said bond shall be approved by the clerk of said court.

"The State and every county, city, town, township, incorporated village, school district, body politic or municipal corporation having a population of five hundred thousand or more against whom the industrial commission shall have rendered an award for the payment of money shall not be required to file a bond to secure the payment of said award and the costs of the proceedings in said court to authorize said court to issue such writ of *certiorari*."

Prior to 1935 we held the filing of a bond by the respondent against whom compensation had been awarded was jurisdictional, and that the circuit court could do nothing further in such a cause, where no bond was on file, except dismiss the case for want of jurisdiction. (*Village of Glencoe* v. *Industrial Com.* 354 Ill. 190.) Before

this opinion was announced the section in question consisted of the first paragraph above set forth, but in July, 1935, the act was amended by adding thereto the second paragraph. Laws of 1935, p. 866.

It is contended by petitioner that St. Clair county was not required to file a bond under the provisions of this statute, and we are asked to construe the second paragraph as though it read: The State and every county, and every city, etc. having a population of 500,000 or more shall not be required to file a bond.—In order for us to so hold it would be necessary for us to construe this statute as though a county was in a different classification than a city, town or township. Certain rules of construction are called to our attention, but rules of construction are referred to only as an aid to the court when the meaning of the statute is ambiguous. (*Levinson* v. *Home Bank and Trust Co.* 337 Ill. 241; *Moweaqua Coal Corp.* v. *Industrial Com.* 360 id. 194; *Downs* v. *Curry,* 296 id. 277; *In the Matter of the Estates of Lalla,* 362 id. 621; *Chicago Home for Girls* v. *Carr,* 300 id. 478.) There is nothing in the amendment that is ambiguous or obscure. Two types of public corporations were exempted from filing bonds,—first, the State; second, every county, city, township, incorporated village, school district, body politic, or municipal corporation having a population of 500,000 or more. In the ordinary use of the English language there is no possibility in creating three classifications, *viz.,*—first, the State; second, the county; and third, political subdivisions having 500,000 or more. We take judicial notice of the fact that St. Clair county does not have more than 500,000 population, and therefore under the statute as it exists it would have required the filing of a bond in the amount fixed by the Industrial Commission to give the circuit court of St. Clair county jurisdiction.

However, it is claimed by petitioner that the second paragraph of the act in question is unconstitutional for a number of grounds set out in its brief and argument. It is

unnecessary for us to determine this question. If the act as amended is valid what we have just said would require the county to file a bond. If the amendment is invalid because of any failure to comply with the provisions of the constitution, then the statute would remain as it did before the amendment, which would likewise necessarily require petitioner to file a bond to give the circuit court jurisdiction. (*Village of Glencoe* v. *Industrial Com. supra.*) The act is clearly severable, and the valid and severable portions of the statute will be enforced. *Bryan* v. *City of Chicago,* 371 Ill. 64; *Weksler* v. *Collins,* 317 id. 132.

It follows the order of the circuit court of St. Clair county, in quashing the writs of *certiorari* and *scire facias* and dismissing the proceedings for want of jurisdiction, was proper, and it is therefore affirmed.

*Order affirmed.*