## SWAIN v. AMERICAN MUT. LIABILITY INS. CO. et al.

### No. 10470.

Circuit Court of Appeals, Fifth Circuit.

March 29, 1943.

Calvin E. Hardin, Jr., and Joseph A. Gladney, both of Baton Rouge, La., for appellant.

J. Elton Huckaby, of Baton Rouge, La., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is a suit for damages for personal injuries sustained by appellant when the automobile in which he was riding as a guest overturned near Cairo, Illinois. Judgment was entered below upon a directed verdict for the defendants, and the sole question for decision on appeal is whether the evidence made an issue for the jury as to the alleged willful and wanton misconduct of the driver of the vehicle.[1]

---

[1] The Motor Vehicle Act of Illinois, as amended in 1935, provides that a guest in any vehicle other than a common carrier shall have a cause of action against the operator of the vehicle for personal injuries resulting from an accident only when willful and wanton misconduct of the operator caused or contributed to the injuries. Smith-Hurd Stats.Ill. c. 95½, § 58a.

The accident occurred shortly after dusk on October 24, 1941. Appellant and two other guests were travelling southward on the paved highway between Chicago and Cairo in an automobile operated by appellant's daughter, Mrs. Sallie Clark. As the car entered a gradual curve less than a mile from Mounds, Illinois, the right wheels left the pavement and dropped to the shoulder of the highway. Mrs. Clark turned the wheels to the left in an effort to regain the pavement, but she turned too abruptly, and the car swerved out of control, overturned, and came to rest on its wheels, facing northward, crosswise of the highway.

At the place where the accident occurred, the pavement was approximately twenty feet wide, with shoulders extending five to six feet on each side. It was open country, and no other traffic was visible in any direction. For ought that appears, the night was clear, the road and shoulder dry and in good condition, the automobile in excellent driving condition. No one knew how fast the car was moving when it left the pavement; it was the impression of one witness that the speed was thirty to thirty-five miles per hour; Mrs. Clark testified that the rate of speed was moderate. There was evidence that the driver was mentally and physically tired at the time of the accident; that she was somewhat nearsighted; and that she considered it dangerous to drive at night; but it is uncontradicted that she was able to see the curve as far distant as the headlights penetrated, and there is nothing to indicate that her vision of the road immediately in front of her was not good.

Mrs. Clark had been cautioned earlier in the day against driving too fast and steering too near the edge of the pavement; but there is no evidence to warrant the inference that she was driving at a greater rate of speed than was reasonably safe under the circumstances, or that driving at a moderate rate of speed from the pavement onto the gravel shoulder would probably result in harm.

 The Illinois statute placed upon appellant the burden of proving that Mrs. Clark's willful and wanton misconduct caused or contributed to the injuries. As construed by the courts of Illinois, it appears that proof of wanton misconduct alone is sufficient to satisfy the burden of proof if such misconduct proximately caused or contributed to the accident.[2] In the recent case of Evens v. Texas Pacific-Missouri Pacific Terminal R. R. of New Orleans, we had occasion to review the subject of wanton negligence or misconduct, and there defined it to mean an act (or failure to act when there is a duty to act) in reckless disregard of the rights of another, coupled with a consciousness that injury is a probable consequence of the act or omission.[3] The courts of Illinois have attributed to the phrase the same meaning when construing the very statute here under consideration.[4]

 It is clear from all the evidence that the automobile was being driven at a rate of speed consistent with reasonable safety, and that the driver committed no negligent or unlawful act in reckless disregard of the consequences. At no time before the wheels of her car left the pavement did any condition of probable danger exist that was or should have been realized and acted upon by Mrs. Clark. The sole proximate cause of the accident was her error of judgment in turning the wheels too sharply to regain the pavement, a spontaneous reflex action natural to one confronted with an apparent emergency. Here, as distinguished from the Evens case and the cases relied upon by appellant, there was no reckless act by one who was or should have been conscious of imminent peril of injury as a probable consequence; here there was no willful or wanton misconduct.

The judgment is affirmed.

---

[2] Seiffe v. Seiffe, 267 Ill.App. 23; Murphy v. King, 284 Ill.App. 74, 1 N.E. 2d 268; Bernier v. Illinois C. R. Co., 296 Ill. 464, 129 N.E. 747.

[3] Feb. 17, 1943, 5 Cir., 134 F.2d 275.

[4] Robins v. Pitcairn, 7 Cir., 124 F.2d 734; Jeneary v. Chicago & I. Traction Co., 306 Ill. 392, 138 N.E. 203; Streeter v. Humrichouse, 357 Ill. 234, 191 N.E. 684.