David Allen, a Minor, by Chester Allen, his Father and Next Friend, Plaintiff-Appellant, v. Roy Colaw, d/b/a Colaw Ford Sales, and Donald Snow, Defendants-Appellees.

Gen. No. 10,294.

Third District.

October 20, 1960.

Chester Thomson and Ralph Schroeder, and Alan M. Wienman, all of Bloomington, for appellant.

Costigan, Wollrab, and Yoder, of Bloomington, for appellees.

CARROLL, PRESIDING JUSTICE.

Plaintiff, a minor, by his father and next friend, brought this action to recover for personal injuries sustained when a bicycle he was riding came into collision with an automobile owned by defendant Roy Colaw and driven by the defendant Donald Snow. To avoid confusion the latter will be referred to herein as the defendant.

The complaint was in two counts, Count 1 charging both defendants with negligence, and Count 2, being a restatement of the allegations of Count 1 but characterizing the misconduct complained of as being wilful and wanton. Upon issues being joined, trial of the cause proceeded before a jury. At the conclusion of

plaintiff's evidence, the court, on defendant's motion, dismissed the wilful and wanton misconduct count. Defendant's motion for a directed verdict was denied. The jury returned a not guilty verdict on the negligence count. Plaintiff's post trial motion was overruled and judgment for defendants entered on the verdict.

Plaintiff maintains on this appeal that the trial court erred in refusing to submit the issue of wilful and wanton misconduct to the jury.

At the time of his injury, plaintiff was 11 years of age and a student in the grade school in McLean, Illinois. He had no recollection of the accident or of events preceding the same except that he recalled riding a bicycle on the day of the accident during the Noon hour on a street running South of the grade school. The defendant, who was the only occurrence witness, testified that at approximately 11:30 to 12 Noon on May 6, 1958, which was a clear, bright day, he went to the Ford Sales Agency of Roy Colaw in McLean and talked with the manager thereof relative to the purchase of a 1955 Oldsmobile 2-door automobile; that he obtained permission to try out said automobile; that it was parked at the Agency on the East side of the street which runs on the North side of the grade school; that he started the automobile and drove about one-half block to the first intersecting street which was Main Street; that Main Street runs North and South along the West side of the McLean Grade School; that he stopped at the said intersection, turned right and proceeded South on Main Street; that he was driving on the right, or his side of the street at 10 to 15 miles per hour; that as he drove South on Main Street he observed that there were no children in front of or near the school; that there were a number of cars parked on the East side of Main Street in front of the

school; that said cars were parked diagonally, the last one being approximately 10 feet from the intersection; that an East and West street on the South side of the school forms a "T" intersection with Main Street at the Southwest corner of the school building; that as he approached the intersection and when he was in front of the school he looked to his left but could not see anything because of trees and the parked cars; that he was then a distance of 40 to 50 feet North of the intersection; that as he came closer to the intersection he again looked to the left and then for the first time saw plaintiff approaching from the East in the middle of the street; that defendant was then approximately 20 feet North of the intersection; that plaintiff was approximately 10 feet from the intersection and had his head down, pumping his bicycle; that when defendant saw plaintiff he applied his brakes and turned his car to the right; that he saw plaintiff as he came into the intersection; that plaintiff continued pumping and was looking down at his bicycle as he came around the corner; that plaintiff made a wide turn and came into the left hand lane or West side of the North and South street; that defendant's automobile was stopped on the right side of the North and South road when the collision occurred; that at no time prior to the collision did the plaintiff look in the direction of defendant's car; and that the front of the bicycle came in contact with the left front of defendant's vehicle.

Dean Kinsell, a State Police Officer, who investigated the accident, testified that after the occurrence he observed skid marks on the road; that these marks commenced where the left tires of the defendant's vehicle were in the approximate center of the street and the right wheels in the Southbound lane or West half of the roadway; that these marks went in a Southwesterly direction and that they ended at a point

308

where the right front wheel of defendant's car was off of the paved portion of the roadway with the left front wheel in the center of the Southbound lane. This Officer expressed an opinion that the marks indicated that the car was proceeding at slow speed and was under control.

The foregoing appears to constitute a substantial resume of the occurrence evidence.

■ The question presented by plaintiff's contention is whether on the above facts it can be said as a matter of law that defendant was not guilty of wilful and wanton misconduct. It is the well established rule that the question of wilful and wanton misconduct is usually one of fact to be decided by the jury. Of equal cogency, however, is the rule that where the evidence viewed in the light most favorable to plaintiff does not tend to prove wilful and wanton misconduct, a verdict should be directed in favor of the defendant. Robertson v. New York Cent. R. Co., 388 Ill. 580, 58 N.E.2d 527; Bartolucci v. Falleti, 382 Ill. 168, 46 N.E.2d 980; Martin v. Cline, 15 Ill.App.2d 269, 145 N.E.2d 505.

■ Our courts have on numerous occasions emphasized the difficulty encountered in attempting to state with accuracy the particular circumstances under which a defendant may be held guilty of wilful and wanton misconduct. Myers v. Krajefska, 8 Ill.2d 322, 134 N.E.2d 277; Hering v. Hilton, 12 Ill.2d 559, 147 N.E.2d 311; Martin v. Cline, supra. However, it is made clear by these same authorities that the distinction between ordinary negligence and wilful and wanton misconduct is that the latter imports consciousness on the part of a defendant that his acts or omissions may result in an injury and a reckless disregard of the consequences. As pointed out by the court in Myers v. Krajefska, in cases where wilful and wanton misconduct is charged, liability can be founded where the act was done with actual intention to inflict

309

injury or where the circumstances under which such act was committed exhibit a conscious disregard or indifference to consequences when the known safety of other persons is involved. The wrongdoer's knowledge of the danger to the safety of other persons can be actual or constructive. While there may be no intention to cause injury, nevertheless if a person knows of or should know by reason of surrounding circumstances of impending danger to another and fails to exercise ordinary care to discover or prevent it, then his conduct would qualify as being constructively wilful. While declining to lay down any hard-and-thin-line definition of wilful and wanton misconduct, the Supreme Court has stated that the fault embraced within such term is generally considered in the area between ordinary negligence and actual malice. Myers v. Krajefska, supra. Since such conduct is a matter of degree, the question as to whether or not a defendant in a given case can be said to be guilty thereof, depends upon the facts and circumstances appearing in evidence. When reviewed in the light of the above principles, we think the evidence in the instant record falls far short of being sufficient to support a charge of wilful and wanton misconduct. The testimony of the defendant, which is not contradicted, indicates no failure on his part to exercise ordinary care to prevent injury to the plaintiff after discovery that the latter was in a place of danger. The evidence further fails to show that defendant recklessly or carelessly failed to discover the impending danger to plaintiff's safety. On the contrary it appears from the evidence that after seeing plaintiff coming into the intersection without looking for traffic on Main Street, the defendant applied his brakes as indicated by the skidmarks and pulled his car to the right in a Southwesterly direction and stopped with right front wheel off of the pavement. In view of this proof we think it cannot be said that

defendant acted with a conscious indifference to a known danger. Plaintiff's theory appears to be that a factual question for the jury on the issue of wilful and wanton misconduct was presented by proof that defendant in trying out an automobile drove it in front of a grade school during the Noon hour on a school day and that a collision occurred resulting in injury to plaintiff. Evidence as to when and where defendant drove his car does not in itself tend to prove him guilty of wilful and wanton misconduct, nor does it support any reasonable inference that he was thus guilty. The record shows defendant was driving at a reasonable rate of speed and that there were no children in front of the school.

We think the trial court correctly decided to withdraw the wilful and wanton misconduct charge and to submit the cause to the jury only upon the ordinary negligence count. Significantly, a not guilty verdict was returned.

██ It is further contended by plaintiff that the trial court erred in refusing to give plaintiff's tendered Instruction 20 and in giving defendant's Instructions 1 and 3. Plaintiff's Instruction 20 is commonly referred to as the "sudden danger" instruction. The evidence shows that the collision occurred as plaintiff rode his bicycle into Main Street from an intersecting street; that said intersecting street did not go beyond Main Street; and that in entering the intersection and attempting to turn left plaintiff made a wide turn which took him into defendant's lane of traffic. Plaintiff, by his action, thus placed himself in a position of danger and the trial court properly refused said Instruction. Defendant's Instruction 1 informed the jury that in judging plaintiff's conduct they must take into consideration the fact that plaintiff was a minor and was only held to the degree of care which could be reasonably expected of a minor of plaintiff's age and

experience. Defendant's Instruction 3 set out the elements of his case which plaintiff was required to prove. The trial court did not err in giving defendant's Instructions 1 and 3.

██ ██ Finally, plaintiff contends but does not strenuously argue that the verdict was contrary to the manifest weight of the evidence. This court has repeatedly held that where the evidence is conflicting, in order for a verdict to be contrary to the manifest weight of the evidence, an opposite conclusion must be clearly apparent. Stone v. Guthrie, 14 Ill.App.2d 137, 144 N.E.2d 165. Such is not the situation in the instant case.

Finding no reversible error in the record, the judgment of the Circuit Court of McLean County will be affirmed.

Affirmed.

REYNOLDS and ROETH, JJ., concur.