Violet Rohrer, Appellant, v. Byron Denton, Appellee.

Gen. No. 9,245.

318

Opinion filed July 15, 1940.

Roy Geibe Hill and Charles C. McBrian, both of Springfield, for appellant.

Gillespie, Burke & Gillespie, of Springfield, for appellee.

Mr. Presiding Justice Riess delivered the opinion of the court.

Plaintiff appellant, Violet Rohrer, has appealed from an order of the circuit court of Sangamon county, Illinois, granting motion for a directed jury verdict in favor of defendant appellee, Byron Denton, which was entered at the close of plaintiff's evidence in a suit seeking recovery of damages sustained by the plaintiff while riding as a guest passenger in an automobile owned and driven by the defendant.

The damages were alleged to have resulted from a collision which occurred on an 18 foot concrete State Highway with black center line, indicated as the Beardstown Road, at a point approximately 2 miles west of Springfield, Illinois, wherein defendant Denton's car struck and collided with the rear end of another eastward bound car enroute from Beardstown to Springfield driven by one David Dillon, between the hours of three and four o'clock in the morning of March 16, 1938. Defendant Denton's car, a Lincoln Zephyr, at the time of the collision, appeared from the plaintiff's evidence to have been traveling at a speed of 60 to 65 miles per hour in passing over a hill and down a slight slope and approaching a railroad underpass when it struck and collided with the right side of the rear end of the Dillon car, which was then traveling in the same direction at a speed of 35 miles per hour, thereby knocking the Dillon car forward and turning it over on to its side on the left part of the slab and facing in the opposite direction. The Denton car passed along the shoulder into a ditch on the right side of the highway and struck an embankment, resulting in serious injuries to the plaintiff which required extended hospital

and surgical treatments of several months' duration and caused alleged permanent disabilities.

The complaint consisted of five counts, the first of which was stricken, the others amended, and two counts were added. All of the counts alleged and the evidence tended to show that the plaintiff, who was a stenographer aged 18 years, was riding as a guest passenger in the rear seat of defendant's automobile, and each count charged the injuries to have proximately resulted from the wanton and wilful misconduct of the defendant at and immediately before the time of the accident and also alleged the exercise of due care by the plaintiff.

The second amended count set forth in substance that the defendant, with a conscious disregard of the fact that visibility of other vehicles using said highway was poor because it was before daylight in the morning and that there were fog banks at various low places in the highway and at the point of collision, wilfully and wantonly drove his car at 60 miles per hour over the crest of the hill and down the slope thereof and ran into the rear end of the Dillon automobile as above set forth.

The third count charged that defendant was not feeling well, was sleepy, his mental faculties impaired and his nervous reactions retarded so as to make the operation of his motor vehicle unsafe, and that in conscious disregard of these alleged facts, defendant wilfully and wantonly so drove his automobile into the Dillon car and injured the plaintiff.

The fourth count cites and quotes a portion of sec. 154, ch. 95½, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 85.186], concerning rule requiring the driver of a vehicle overtaking another vehicle proceeding in the same direction to pass to the left thereof at a safe distance, and charged the defendant with attempting to pass the Dillon automobile at a high rate of speed in violation of said statute by driving off of the pavement on the righthand shoulder and striking the right rear end of the Dillon car, as above stated.

In the fifth count it was charged that the defendant was driving his automobile in the nighttime; that there was fog along the highway through which lights would penetrate but a few feet; that the paved part of the highway was wet and slippery; that it was the duty of the defendant to drive his car at a rate of speed that would enable him to control it under the circumstances and avoid collisions with other persons and vehicles using the highway and that in conscious knowledge and disregard of which conditions, injuries would naturally and probably result to the life, person and property of others, including the plaintiff and passengers, and that with conscious indifference to surrounding circumstances, he wilfully drove his car at a dangerous rate of speed in excess of 60 miles an hour and suddenly turned to the right in an attempt to pass the Dillon car and so struck and passed the same, skidding on the wet and slippery shoulder and into the ditch, and wilfully and wantonly injured the plaintiff.

The added count six charged wanton and wilful injury growing out of defendant's alleged knowledge of being ill, tired and sleepy, and with impaired mental faculties and retarded nervous reactions and with wilful disregard of the consequence thereof in driving the car, although requested to permit others to drive; in not driving slowly on the wet pavement and through the fog, and driving at a speed that was not reasonably safe under the circumstances, to wit: 60 miles an hour, and by such alleged wilful and wanton misconduct, striking the Dillon automobile and injuring the plaintiff, as alleged in the other counts.

Count seven charged violation of the statute in wilfully injuring the plaintiff as a guest passenger with knowledge that the highway at the point of collision was of sufficient width for only two lines of moving traffic; that a motor vehicle was in front of him traveling in the same direction, in not attempting to turn to the left and with knowledge that his conduct would natu-

rally and probably result in injury to the passengers and in wilful disregard of the consequences, violated the statute in attempting to pass on the right side of the other car, resulting in the rear-end collision and resultant injuries as alleged.

Defendant, in his answer, denied all allegations of wanton and wilful misconduct on his part or that the same proximately caused plaintiff's injuries and affirmatively alleged that the plaintiff knew all the facts and circumstances alleged and that if the defendant was guilty of wilful misconduct, the plaintiff was guilty in the same degree in continuing to ride in his automobile and could not recover.

Much space is given in defendant appellee's brief to the contention that if defendant was guilty of wanton and wilful misconduct, plaintiff was equally guilty and therefore could not recover; that excessive speed alone is not proof of wanton and wilful misconduct; that plaintiff wilfully permitted herself to fall asleep, and that there was no proof of the presence of fog along the highway at the point of collision.

It appears from the evidence that at the time of the collision in question, the plaintiff was employed by the defendant in his drugstore and place of business in Springfield; that during the course of the preceding evening, the defendant, accompanied by his wife in the front seat and the plaintiff and another young woman as invited guests riding in the rear seat of the defendant's car, drove at about 9:00 or 9:30 P. M. from Springfield to Beardstown, where the defendant had some business to transact in the drugstore of his father, after which the party began their return trip and stopped at the request of defendant's wife at the Beardstown's Country Club, where they met friends and some dancing and social intercourse was engaged in; that at about 2:30 or 3:00 o'clock A. M. they entered defendant's car to return to Springfield; that defendant was suffering from a cold and that both his wife and the accompanying

guest offered to drive, but that defendant preferred to and did drive the car, and that the rate of speed at which he was driving was objected to by all other occupants of the car and was then decreased to what is spoken of as "a comfortable rate of speed"; that the plaintiff then went to sleep in the rear seat and did not awaken until immediately before the collision; that before the car struck, defendant's wife had indicated to the defendant the speed of 60 to 65 miles per hour registered on the speedometer, but that he shook his head and continued over a slight hill and downward slope, when he crashed into the rear end of the Dillon car.

The defendant's contention that the plaintiff had full knowledge of defendant's misconduct, if any, proximately resulting in the injuries, which precludes her from recovery under the above facts is not tenable. It appears in the evidence, as indicated, that the plaintiff and other occupants of the car protested to the defendant concerning the rate of speed after leaving the country club, which resulted in his slowing down the car to "a comfortable rate of speed"; thus allaying plaintiff's fears, after which she fell asleep and did not awaken until she had arrived within 50 to 75 feet of the crash is not such evidence or proof of acts of equally wilful misconduct, if any, on the part of the plaintiff and defendant contributing to her injury, that would justify the trial court in so finding as a matter of law, in view of all the surrounding facts and circumstances so appearing in evidence together with reasonable inferences therefrom.

At and immediately before the collision, the evidence of the relative rate of speed of the two cars, the incline over which they were passing at the time, the manner in which the defendant's car struck the Dillon car, his apparent failure to observe the same or to pass or make any effort to pass along the open highway to the left of the Dillon car either prior to or to avoid the crash, before which time the defendant's wife had tapped on

the speedometer and called his attention to the rate of speed of the car driven by and under the control of the defendant, were all facts and circumstances which it became the peculiar province of the jury to weigh and consider in determining whether or not the defendant was guilty of wilful and wanton misconduct at and immediately prior to the time of the collision which caused the plaintiff's injuries. *Streeter v. Humrichouse,* 357 Ill. 234, 191 N. E. 684.

Failure to discover danger through recklessness or carelessness, when it could have been discovered by the exercise of ordinary care, may oftentimes be considered wilful or wanton negligence. *Layton v. Ogonoski,* 256 Ill. App. 461. And where the omission to exercise care is so gross that it shows a lack of regard for the safety of others it will justify the presumption of wilfulness or wantonness. Whether an act is wilful or wanton is greatly dependent upon the particular circumstances of each case. *Barmann v. McConachie,* 289 Ill. App. 196, 201, 6 N. E. (2d) 918; *Bernier v. Illinois Cent. R. Co.,* 296 Ill. 464, 129 N. E. 747. In the *Barmann* case, *supra,* recovery was sustained under the guest statute charging wanton and wilful conduct by the defendant, wherein the plaintiff, a young woman, had fallen asleep in his automobile prior to the time of her injuries.

While there was no evidence of the presence of fog or of a wet pavement at the immediate point of the collision, there were sufficient facts well pleaded in several counts of the amended complaint upon which issue was joined and responsive evidence heard to require that the court submit such issues of fact to the jury under the evidence and circumstances in evidence, and we hold that the motion for a directed verdict should not have been allowed nor the instruction given.

In order to warrant a trial court in directing a verdict for the defendant, it must appear that there is no evidence fairly tending to prove the plaintiff's case. The court, in considering the motion, is strictly limited to

determining this fact and this alone. He may not weigh the evidence, as to do so would encroach upon the province of the jury, who are judges of the fact. *McCarty v. O. H. Yates & Co.*, 294 Ill. App. 474, 14 N. E. (2d) 254; *Blumb v. Getz*, 366 Ill. 273, 8 N. E. (2d) 620. Whether a personal injury has been inflicted wilfully or wantonly is a question of fact to be determined by the jury if there is evidence to support the allegation, and whether an act is wanton and wilful depends upon the circumstances of each case. *Streeter v. Humrichouse, supra.*

For the reasons herein given, the cause is reversed and remanded for retrial in accordance with the holdings herein.

*Reversed and remanded.*