Beth Smith, a Minor, by George A. Smith, Her Father and Next Friend, Plaintiff-Appellee, v. Duane R. Polukey and Vivian M. Walker and Cotta Pharmacy, Inc., an Illinois Corporation, Defendants-Appellants.

Gen. No. 11,231.

Second District, Second Division.
August 12, 1959.
Rehearing denied September 2, 1959.
Released for publication September 2, 1959.

240

Maynard & Maynard, of Rockford (James F. Maynard, of counsel) for Duane R. Polukey, defendant-appellant.

O'Brien & Gates, of Rockford (Lawrence F. O'Brien, William H. Gates, of counsel) for Cotta Pharmacy, Inc., defendant-appellant.

Smith & Sype, and Hyer, Gill & Brown, all of Rockford (John E. Sype, Stanton E. Hyer, of counsel) for Vivian M. Walker, defendant-appellant.

Miller, Thomas, Hickey & Collins, of Rockford (Edwin T. Powers, Jr., of counsel) for Beth Smith, a minor, plaintiff-appellee.

JUSTICE SOLFISBURG delivered the opinion of the court.

This is a suit for damages for personal injuries sustained by the plaintiff, Beth Smith, while riding as a guest passenger in an automobile owned and operated by the defendant, Polukey, which came into collision with another automobile operated by the defendant, Walker. Plaintiff joined as a party defendant Cotta Pharmacy, Inc., an Illinois corporation, alleging it to be liable to plaintiff as the defendant Walker's principal or master. The cause was tried before a jury which returned a verdict for the plaintiff against all three defendants in the amount of $30,000. Judgment was entered on the verdict, post-trial motions of the three defendants were denied, and each of the three defendants perfected appeals which are now before this court.

No questions are raised on the pleadings. Defendant Polukey urges that the verdict against him is contrary to the manifest weight of the evidence, no proof of wilful and wanton misconduct having been adduced. Defendant Walker contends that the verdict against her is against the manifest weight of the evidence, and in particular that plaintiff's freedom from contributory negligence was not proved. Mrs. Walker also urges as reversible error the giving of plaintiff's instructions No. 9 and No. 17. Defendant Cotta Pharmacy, Inc., maintains that not only does the evidence fail to prove defendant Walker guilty of negligence but that no proof of agency was offered.

The evidence offered will be summarized in the following paragraphs. On September 26, 1957, between 7:00 and 7:30 p. m., the defendant Polukey, aged 18, who lived in Durand, Illinois, picked up the plaintiff,

242

a young lady 16 years of age, at her home in Rockford. The purpose of the trip was to pick up a friend in Rockford and drive the friend to nearby Loves Park, Illinois. However, not finding the friend at either his home or his place of employment, defendant Polukey proceeded to drive the plaintiff to her home. While returning enroute to plaintiff's home, Mr. Polukey drove south on Springfield Avenue, on the westerly edge of Rockford, toward U. S. Highway 20, also known as West State Street. West State Street consisted of four lanes of traffic running in a generally east-west direction. After stopping at the intersection of Springfield Avenue and West State Street, defendant Polukey turned westerly on West State Street and proceeded in a westerly direction a distance of about three blocks to a point where Monroe Street intersects West State Street from the north but does not cross West State Street. The collision occurred at this T intersection of West State Street and Monroe Street.

The area between Springfield Avenue and Monroe Street was an area built up with homes, shops, stores, gas stations, and other business establishments. On the north side of West State Street, it was intersected by three streets from the north, west of Springfield Avenue, being from east to west; Victory, some 500 feet west of Springfield; Woodrow, some 300 feet west of Victory; and Monroe, about 325 feet west of Woodrow. In the vicinity of Monroe, West State Street was illuminated by overhead mercury or sodium vapor lights. At each intersection mentioned there was a "Stop" sign for traffic entering West State Street, and throughout the area in question, West State Street had a posted 40 mile per hour speed limit which was known to the plaintiff, defendant Polukey, and defendant Walker, all of whom were also familiar with the neighborhood.

Miss Smith, the plaintiff, testified that after entering West State Street from Springfield Avenue, the

Polukey automobile turned into the inner or passing lane for westbound traffic, and between Springfield Avenue and Victory passed another automobile at which time the Polukey car was going 40 to 50 miles per hour; that the defendant Polukey maintained this speed to Woodrow Street, which was one block east of Monroe Street, at which point his speed started to increase. The plaintiff further testified that at a point about 200 feet east of Monroe Street she looked at the speedometer of the car in which she was riding, that it was then going 60 to 65 miles per hour and that its speed was still increasing. According to the testimony of the plaintiff, at some point east of Monroe Street, she saw the Walker car stopped at Monroe Street, about five feet north of the north edge of the pavement of West State Street and facing south. Plaintiff testified that she looked away and that when she looked back the Walker vehicle was moving slowly in a generally southerly direction and was a little better than half a car length onto the concrete on West State Street. At that moment, the Polukey car was 200 feet east of Monroe, and the witness remembered nothing further except that she screamed.

In her testimony the plaintiff stated that both cars had headlights lighted; that she did not hear if any horn was sounded by either driver and that she could not remember if the brakes of the Polukey car had been applied. The testimony of the plaintiff was that during the interval between Springfield Avenue and the point of collision she did not recall saying anything to the driver about driving too fast or passing other vehicles but only that she screamed when the Polukey car was about 200 feet east of Monroe Street and was traveling 60 to 65 miles per hour and still accelerating.

It was about 9:00 p. m., when the Polukey car traveling west on West State Street, struck the Walker car traveling southerly through the intersection. The front

244

end of the Polukey car struck the left side of the Walker car near its front end, and both vehicles were damaged beyond repair.

The impact occurred just north of the double yellow line marking the center of the four-lane highway. As a result of the collision, James Black, a passenger in the Walker car, was killed, defendant Mrs. Walker, and Miss Smith, the plaintiff, were seriously injured, and the defendant Polukey also sustained injuries. Mrs. Walker remained unconscious for four days after the occurrence and suffered a retrograde amnesia, as a result of which she had virtually no recollection of the collision or events leading up to it. The defendant Polukey also testified that he had no recollection whatever from a point 2 to 2½ blocks east of the scene of the collision, at which time he testified that he was traveling 40 to 50 miles per hour.

On September 26, 1957, the defendant Walker's husband was employed as a registered pharmacist by Cotta Pharmacy, Inc., an Illinois corporation, which owned and operated two drug stores in Rockford, one known as the "Main Store" and the other known as the "Monroe Street Store." The evidence is undisputed that James Black, who was a passenger in the Walker car at the time of the collision, was in charge of the Monroe Street Store of Cotta Pharmacy, Inc., and at the time of the collision had with him the daily receipts from the Monroe Street Store. It is also undisputed that Mrs. Walker, on the evening in question, had at the request of her husband, gone to the Monroe Street Store to pick up Mr. Black, whose custom and practice it was to bring the daily receipts from the Monroe Street Store to the Main Store before closing and to deposit them in the Main Store safe. There was testimony that Mr. Black lived in the same neighborhood as the Walkers and that Mr. Walker had requested his wife to pick up Mr. Black whose car was in the garage,

so that he could go home with them. On this particular evening, the two principal officers of Cotta Pharmacy, Inc., were not present in the Main Store, as was their practice, but instead the store was staffed by Mr. Walker, the only pharmacist, together with a number of clerks. The president of Cotta Pharmacy, Inc., testified that it was not compulsory or necessary that receipts from the Monroe Street Store be deposited each night in the Main Store, since there was some type of depository in the Monroe Street Store, but that "as a rule" the person in charge of the Monroe Street Store did so. This corporate officer further testified that Mr. Walker was not in charge of the Main Store on the evening in question and that no officer of Cotta Pharmacy, Inc. had authorized either Mr. Walker or his wife or anyone else to pick up Mr. Black, nor was he aware that the Walkers intended to or had in the past picked up Mr. Black and delivered him to the Main Store for the purpose of depositing receipts.

██ The first issue to be considered is the contention of the defendant Polukey that the verdict against him is contrary to the manifest weight of the evidence and that the evidence falls short of establishing wilful and wanton misconduct. Although the courts of this State have had occasion to define wilful and wanton misconduct in numerous cases, it has always been done in general terms and with no attempt to indicate that any particular type of misconduct may be said to be wilful and wanton under all circumstances. One frequently quoted definition is that set forth in Schneiderman v. Interstate Transit Lines, Inc., 394 Ill. 569, 583: "A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through reckless-

246

ness or carelessness when it could have been discovered by the exercise of ordinary care." As was recently stated by the Supreme Court in Hering v. Hilton, 12 Ill.2d 559, 562, there are some variations in the phraseology of the definitions of wilful and wanton misconduct in the decided cases, but the basic concept as applied by our courts has been the same, and since conduct is usually a matter of degree, no hard-and-thin-line definition can be made. The defendant Polukey cites several cases to the effect that the mere fact that a vehicle is driven at a speed prohibited by law will not furnish a sufficient reason for holding that an injury was the result of wilful or wanton misconduct. However, it would appear that the true rule in Illinois is that speed is a circumstance which may be taken into consideration bearing upon the presence of wilful and wanton misconduct, and in a given case might of itself establish wilful and wanton misconduct, taking into consideration the degree of speed with reference to all other surrounding facts and circumstances, Bartollucci v. Falleti, 382 Ill. 168, 175; Clarke v. Storchak, 384 Ill. 564, 580; Streeter v. Humrichouse, 357 Ill. 234, 240; Ashby v. Irish, 2 Ill.App.2d 9, 15; Trust Co. of Chicago v. Ancateau, 317 Ill. App. 186, 195; Strunk v. Stronberg, 326 Ill. App. 265, 273; Signa v. Alluri, 351 Ill. App. 11, 17. In the measurement of defendant's conduct, this court cannot consider the conflicts in evidence nor its weight nor preponderance nor the credibility of witnesses but must take the evidence as true which is most favorable to plaintiff's cause of action. If such evidence and its reasonable intendments most favorable to plaintiff tend to establish wilful and wanton misconduct, the defendant's post trial motion is properly denied.

Plaintiff testified that at her last point of recollection 200 feet east of the point of impact the Polukey car, according to its speedometer, was travel-

247

ing 60 to 65 miles per hour and that its speed was still increasing. The photographs of the automobiles further support this testimony as to speed. Defendant Polukey was traveling in a closely built up neighborhood with numerous intersecting streets and with a posted speed limit of 40 miles per hour. The evidence in the record tends to indicate that defendant Polukey did not at any time prior to the impact observe the automobile driven by defendant Walker, in spite of the fact that the Walker automobile had its headlights operating and the area surrounding the intersection was lighted by overhead lights of considerable intensity. From the record it appears that a jury could have concluded that defendant Polukey did nothing to avoid the collision. The defendant Polukey's excessive speed and failure to maintain any lookout, coupled with the circumstances to which we have referred, in our opinion raised a question of fact for the jury. Whether an act is wilful and wanton is a question of fact depending upon the particular circumstances of each case and is normally a jury question, Myers v. Krajefska, 8 Ill.2d 322, 328; Rohrer v. Denton, 306 Ill. App. 317, 324; Kunz v. Larson, 15 Ill.App.2d 126, 133. As was recently stated in Hering v. Hilton, 12 Ill.2d 559, 564: ". . . defendant need not have intended any harm should ensue, nor actually know for sure that there would be a collision; it is sufficient if he had notice which would alert a reasonable man that substantial danger was involved, and that he failed to take reasonable precautions under the circumstances." The fact that the defendant Polukey was traveling upon a preferential street or highway did not give him an absolute right-of-way (Anderson v. Middleton, 350 Ill. App. 59, 63), such that he could ignore traffic upon intersecting streets and, regardless of the circumstances, insist that he could not properly be charged with wilful and wanton misconduct.

248

Defendant Polukey relies heavily upon the decision of this court in Strunk v. Stronberg, 326 Ill. App. 265. Apart from the obvious observation that every case of this kind must turn on its own unique set of facts, we would simply point out that the Strunk case was one wherein the defendant's vehicle and the automobile in which plaintiff was riding were proceeding in opposite directions when plaintiff's driver suddenly caused his stopped vehicle to make a left hand turn into the path of defendant's vehicle. As the facts in the two cases are distinctly different, the Strunk case cannot be considered in point.

 The defendant Walker contends that the verdict against her is contrary to the manifest weight of the evidence, arguing that there was no proof of negligence on her part and that the plaintiff was guilty of contributory negligence as a matter of law. It is sufficient to note that the question of defendant Walker's negligence and the question of plaintiff's freedom from contributory negligence are ordinarily and pre-eminently questions of fact upon which plaintiff is entitled to have the findings of a jury. Those questions can become questions of law only when, from the undisputed facts, all reasonable minds in the exercise of a fair and honest judgment would be compelled to reach the conclusion that defendant Walker was not guilty of negligence or that plaintiff was guilty of contributory negligence. Defendant Walker, after stopping in compliance with the Stop sign at the northerly edge of the intersection, proceeded to enter the intersection and drive upon the preferential highway. There was no testimony that defendant Walker exercised any lookout before entering the intersection. In the recent case of Hering v. Hilton, 12 Ill.2d 559, the Supreme Court held that a wilful and wanton count against a defendant in much the same factual situation as defendant Walker had

been properly submitted to the jury. Upon the record here, it is abundantly clear that the general negligence count asserted by the plaintiff against the defendant Walker was correctly submitted to the jury. On the question of the plaintiff's contributory negligence, the evidence in the record is that when the Polukey car was approximately 200 feet east of the intersection the plaintiff looked at the speedometer of that car, that she observed that it was then going 60 to 65 miles per hour and accelerating, that she then screamed and that from that point on the plaintiff remembered nothing further. It is settled law in this State that the due care of a guest passenger must meet the test of the conduct of a man of ordinary prudence under like circircumstances (Lasko v. Meier, 327 Ill. App. 5; affirmed 394 Ill. 71), and that whether a failure to warn is negligence depends upon the circumstances (Leonard v. Murphy, 13 Ill.App.2d 39; Williams v. Walsh, 341 Ill. App. 543; Hagen v. Bailus, 283 Ill. App. 249). Reviewing courts have, more than once, suggested that the highest degree of caution in a particular case may consist of inaction on the part of a guest or passenger and that unless a passenger sees an obvious danger, which the driver might not see, there would be no duty on the part of the passenger to warn the driver. In the present case, plaintiff did utter a scream or warning 200 feet east of the intersection. We cannot say as a matter of law that she was guilty of contributory negligence.

It is also urged by the defendant Walker that Plaintiff's Instructions No. 9 and No. 17 constituted reversible error. While neither of these instructions affected or pertained to defendant Walker, nevertheless, we do not believe it can be reasonably contended that the jury was confused or misled by these instructions. These two instructions have been approved on more than one occasion by this and other courts, as the plaintiff points out in her brief and argument.

The defendant, Cotta Pharmacy, Inc., makes a strenuous and, in our opinion, cogent argument that the plaintiff failed to prove that the relation of master and servant or principal and agent existed between the defendant, Mrs. Walker, and defendant, Cotta Pharmacy, Inc. It is the plaintiff's position that Donald M. Walker, husband of the defendant Walker, was the agent of Cotta Pharmacy, Inc., that he appointed his wife, Vivian M. Walker, a sub-agent of Cotta Pharmacy, Inc., and that in so doing Donald M. Walker was acting within the scope of his agency. The only case authority upon which plaintiff relies is the case of Lambert v. Senne Funeral Home, Inc., 343 Ill. App. 136. It is fundamental that if plaintiff is to recover against Cotta Pharmacy, Inc., she must prove that the relation of master and servant or principal and agent existed between Mrs. Walker and the defendant, Cotta Pharmacy, Inc. (Mosby v. Kimball, 345 Ill. 420; Union Bank of Chicago v. Kalkhurst, 265 Ill. App. 254.) The evidence being undisputed, the facts in the record must furnish some basis for a jury to find that Mrs. Walker was the agent or servant of Cotta Pharmacy, Inc. It appears that Donald M. Walker was employed by Cotta Pharmacy, Inc., in the role of a registered pharmacist only, that he was not an officer of the pharmacy corporation, and that he was not in charge of the corporation's Main Store on the evening in question and certainly not the Monroe Street Store nor James Black, its manager. The defendant Walker, wife of Donald M. Walker, was not in the employ of Cotta Pharmacy, Inc. at any time. There was testimony that it was the rule and practice for the manager of the Monroe Street Store, after closing, to bring the daily receipts each evening to the Main Store before he went home. There was nothing to indicate that Donald M. Walker was, on September 26, 1957, in the role of general manager or general agent for Cotta Pharmacy, Inc., or that he was in any way responsible for seeing that the receipts

251

from the Monroe Street Store were deposited in the Main Store. On this particular evening Mrs. Walker, who admittedly was unconnected with the pharmacy corporation, had left a club and gone to the store where her husband was employed to pick him up and take him home. Upon her arrival her husband asked her to go to the Monroe Street Store and pick up Black whose car was in the garage and who had no transportation, and take him home with them. At that time Mr. Walker said nothing to his wife about any daily receipts from the Monroe Street Store nor as a matter of fact did Mrs. Walker at the time she picked up Black on the occasion in question or on previous occasions know that he had any daily receipts with him. Her purpose on each occasion was to take Mr. Black home with them. The president of Cotta Pharmacy, Inc. knew nothing of Mrs. Walker having picked up Mr. Black on two or three such occasions, and the corporation had not requested or authorized Walker or his wife to use the Walker automobile for any business purpose.

The evidence is that neither the officers of Cotta Pharmacy, Inc., nor Mrs. Walker knew that James Black carried the store receipts with him when Mrs. Walker picked him up on these two or three occasions. It goes without saying that Cotta Pharmacy, Inc. therefore exercised no control or direction over Mrs. Walker.

 In the usual personal injury case, the injured person does not rely upon apparent authority of any kind in getting hurt. Proof of actual authority is, therefore, essential to recovery, Swanbeck v. Hubbard, 336 Ill. App. 384, 391, Restatement of the Law of Agency, 2d, Volume 1 (1958 Ed.) Section 265, I. L. P. Agency, § 181. Such authority can be shown by express agreement between principal and agent or can be inferred from a course of dealing. Admittedly,

there was no express agreement between Cotta Pharmacy, Inc. and the defendant, Mrs. Walker, nor was there any course of dealing between them which could be considered implied authority. Likewise, to constitute the relation of master and servant, or principal and agent, the one for whom the service is rendered must consent or manifest his consent to receive the services, Restatement of the Law of Agency, 2d, Volume 1 (1958 Ed.) Section 221. Here, Donald M. Walker was plainly not in a position to employ an assistant of his own or to delegate any of his duties to another. In fact, there is a total absence of proof that Donald M. Walker was in any manner responsible for bringing receipts from the Monroe Street Store to the Main Store. This latter responsibility (if it existed) appears, so far as the record is concerned, to have been solely that of Black, the manager of the Monroe Street Store. It is not contended by plaintiff that Black appointed Mrs. Walker a sub-agent or servant of the corporation, and such is plainly not the fact. This case is materially different from Lambert v. Senne Funeral Home, Inc., 343 Ill. App. 136. In the latter case the court was careful to point out that either the accredited employee was clothed with actual authority to engage assistance or there existed an emergency from which the law implied authority to secure the help of other persons. In the present case Donald M. Walker was not clothed with actual authority to engage assistance nor did there exist an emergency which might give rise to any implied authority to secure the services of another person. Quite the contrary, for so far as the record would indicate, Donald M. Walker had no responsibility in connection with the receipts from the Monroe Street Store. The evidence was that the defendant Walker at the request of her husband had gone to pick up Black to take him home and that Mrs. Walker was in actual, active control and opera-

253

tion of the Walker family car in behalf of herself and her husband personally and not in behalf of Cotta Pharmacy, Inc. Since the evidence was wholly insufficient to warrant a finding that the defendant, Mrs. Walker, was the agent or servant of Cotta Pharmacy, Inc., at the time or just prior to the collision in which the plaintiff was injured, the motion of defendant, Cotta Pharmacy, Inc., for a directed verdict or for judgment notwithstanding the verdict in its favor should have been granted.

For the reasons assigned, the judgment of the trial court is reversed as to defendant, Cotta Pharmacy, Inc., and affirmed as to the defendants, Duane R. Polukey and Vivian M. Walker.

Affirmed in part and reversed in part.

WRIGHT, P. J., concurs.