**Joann Kamholtz, Plaintiff-Appellant, v. Robert Eugene Stepp, Defendant-Appellee.**

**Gen. No. 11,505.**

Second District, Second Division.

July 12, 1961.

Berry & Simmons, of Rockford, for appellant.

Maynard & Maynard, of Rockford, for appellee.

CROW, J.

The plaintiff-appellant, Joann Kamholtz, brought suit for damages for personal injuries incurred August 12, 1956 while riding as a guest passenger in a car driven by the defendant-appellee, Robert Eugene Stepp. The plaintiff charged in her complaint, as far as material that Alpine Road, in Winnebago County, was a black topped road running in a generally northwesterly direction; Forest Hills Road was a cement highway running in a generally northeasterly direction and intersected Alpine Road at an angle north of Rockford; Forest Hills Road was a preferred highway, there was a stop sign at the intersection requiring northbound traffic on Alpine Road to stop, and Alpine Road was a dead-end road at that intersection; on August 12, 1956 at 1:25 a. m. the defendant was driving his automobile on Alpine Road in a northwesterly direction and approached that intersection; the plaintiff was a guest passenger in the automobile; the plaintiff was free of any contributory wilful or wanton misconduct which caused her injury. The complaint then alleges:

"7. That the defendant, Robert Eugene Stepp was then and there guilty of one or more of the following acts of wilful, wanton and malicious misconduct in the operation of his automobile, to-wit:

a. That the defendant did then and there wilfully, wantonly and maliciously drive his automobile along said highway at a dangerously high and excessive rate of speed.

b. That the defendant then and there wilfully, wantonly and maliciously omitted to keep his said automobile under proper control.

360

c. That the defendant then and there wantonly, wilfully and maliciously omitted to keep a proper lookout along the highway in front of said automobile so as to discover and observe lawful and proper traffic controls and signs placed along said road.

d. That the defendant then and there wilfully, wantonly and maliciously drove and operated his automobile through a stop sign and off the end of the dead-end road, although he knew that said stop sign existed and that said dead-end road existed and that he was approaching said location.

e. That the defendant, wilfully, wantonly and maliciously drove his automobile into a place of danger, which in the exercise of due care and caution he should have discovered.

8. That as a result of one or more of the foregoing wilful, wanton and malicious acts the defendant's automobile did go off the highway at the aforesaid intersection, through a ditch, through a fence, a mailbox and into the adjoining persons' yard, causing the plaintiff to be thrown from the automobile and severely injured."

No answer to the complaint had been filed by the defendant.

A discovery deposition was taken of the plaintiff on July 9, 1960. The defendant thereafter filed a motion for summary judgment based upon the testimony of the plaintiff given in that deposition, the transcript of which was attached as an exhibit to the motion, upon the theory that the testimony of the plaintiff in the deposition does not support the plaintiff's allegations of the defendant's wilful and wanton misconduct. Counteraffidavits by the plaintiff were filed to the

361

effect that it is her opinion that the defendant was driving in a wilful and wanton manner at the time of the accident, that he drove without maintaining a proper lookout for traffic and traffic signs, that a protest about his driving was made by the plaintiff 15 minutes before the accident, that she was a passenger in the automobile at the time and place concerned, that the defendant was driving at the time at more than 55 miles per hour, that she asked him to drive at a reduced speed and in a more careful manner 15 to 20 minutes prior to the accident, and that the defendant was familiar with the area, knew that Alpine Road dead ended at the point of the accident, and knew a stop sign was posted at that point for traffic going northwesterly on Alpine Road. The Court granted the defendant's motion for summary judgment and entered a final judgment for the defendant. The plaintiff appeals.

The parts of the testimony of the plaintiff in the discovery deposition set out in the defendant's motion for summary judgment are as follows:

"2. That on July 9, 1960, the Discovery Deposition was taken by the defendant of the plaintiff, under oath, in which deposition the plaintiff testified in part as follows, on pages 15 and 16 thereof, to wit:

'Q. At any time after you turned onto Alpine Road from Route 20, to the time the accident occurred, did you complain of his driving at all up to the time the accident occurred?

A. No.

Q. Was there anything in the way he was driving the car that gave you any concern about danger?

A. No.

362

Q. Did you feel as he was driving on Route 20 to where the accident occurred that he was driving reasonably and carefully?

Mr. Healy: I object. Don't answer.

Mr. Maynard: You may answer the question.

Mr. Healy: I instruct her not to answer.

Mr. Maynard: Q. Did he do anything between the time he turned from Route 20 on Alpine Road to the time the accident occurred, did he do anything in the driving of the car that gave you any concern for your own safety?

A. No.'

And further on pages 16 and 17 of said deposition:

'Mr. Maynard: Q. Well, do you have an opinion, Miss Kamholtz, as to whether or not from what you knew of Mr. Stepp's driving just prior to the accident, whether or not he was driving carefully or unreasonably?

A. Prior to the Accident?

Q. Yes.

A. Reasonably.' "

Other parts of the testimony of the plaintiff in the discovery deposition were that she had never been on the road where the accident happened before, she was not familiar with it, the last thing she remembers before being thrown out of the car was reaching over to tune the radio and talking to the defendant, after the accident she was sitting in a driveway next to a nearby house about 20 feet from the road, the defendant had been driving at least 55 miles per hour, maybe more, she was sitting in the front right hand side by

363

the right door, looking forward, the defendant had both hands on the wheel, she did not see the stop sign at the intersection of Alpine Road and Forest Hills Road, the headlights were on, she did not notice whether the brakes were applied, and she recalled saying in a statement two weeks after the accident that the defendant was driving carefully and at no time was she afraid of his driving and he was driving in a sensible manner.

The defendant contends: (1) that the plaintiff, under oath, in her discovery deposition has conclusively, by admissions, refuted her unsworn allegations in her complaint that the defendant wilfully and wantonly operated his automobile and wilfully and wantonly injured her, by testifying that prior to and at the time of the occurrence in question the defendant was driving "reasonably", "sensibly", "carefully", and that she did not complain of his driving or admonish him, and that there was nothing about his driving that gave her concern about danger, and that he did nothing in the manner in which he drove to give her concern for her own safety, and that by reason thereof there is no remaining question of ultimate fact on wilful and wanton misconduct for the jury, and that summary judgment is the proper remedy; and (2) that the plaintiff was guilty of the same degree or kind of misconduct, if any, as the defendant, and cannot recover, as a matter of law, from the admitted facts.

The plaintiff asserts that the defendant's motion was insufficient because it did not rebut all the acts of wilful and wanton conduct set forth in the plaintiff's complaint, the statements in the deposition do not amount to contributory wilful and wanton misconduct on her part as a matter of law, and the plaintiff's admissions in the deposition were rebutted by the counteraffidavits, and controverted questions of fact were left for a jury's determination.

The Guest Statute, Ch 95½, Ill Rev Stats, 1955, par 58a, provided, in substance, so far as material, that no person riding in a motor vehicle as a guest without payment for such ride shall have a cause of action for damages against the driver or operator of such motor vehicle for injury in case of accident unless such accident shall have been caused by the wilful and wanton misconduct of the driver and unless such wilful and wanton misconduct contributed to the injury.

In Stephens et al. v. Weigel (1948) 336 Ill App 36, 82 NE2d 697, the Court said:

> "Although no specific rule can be promulgated to determine categorically what constitutes wilful and wanton misconduct . . . it is generally established that defendant must exhibit a lack of regard for the safety of others, and a conscious indifference to the consequences that might follow from his acts. . . . Violation of a statutory speed limit does not per se constitute wilful and wanton misconduct, for in every case the attending circumstances must be taken into consideration. . . . It is not necessary, however, that defendant intended that plaintiff should be injured by reason of his acts, nor is it necessary that defendant actually know the dangers to which plaintiff is exposed. It is sufficient if he has notice which would alert a reasonably prudent man, and he does not take reasonable precautions under the circumstances."

And see: Hering v. Hilton (1958) 12 Ill2d 559, 147 NE2d 311; Signa v. Alluri et al. (1953) 351 Ill App 11, 113 NE2d 475; McCullough et al. v. Orcutt (1957) 14 Ill App2d 513, 145 NE2d 109.

And the following from Schneiderman v. Interstate Transit Lines, Inc. (1946) 394 Ill 569, 69 NE2d 293 has been frequently referred to in alleged wilful and wanton misconduct cases:

365

■

"A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care. (Brown v. Illinois Terminal Co. 319 Ill 326; Heidenreich v. Bremner, 260 Ill 439; Illinois Central Railroad Co. v. Leiner, 202 Ill 624.) The question whether a personal injury has been inflicted by wilful or wanton conduct is a question of fact to be determined by the jury. Bernier v. Illinois Central Railroad Co. 296 Ill 464. . . ."

■ Whether an act is wilful and wanton is a question of fact depending upon the particular circumstances of each case and is normally a jury question: Smith v. Polukey et al. (1959) 22 Ill App2d 238, 160 NE2d 508.

Section 57 of the Civil Practice Act, Ch 110, Ill Rev Stats, 1959, par 57, relating to summary judgments, provided, so far as material:

". . .

(2) For defendant. A defendant may, at any time, move with or without supporting affidavits for a summary judgment or decree in his favor as to all or any part of the relief sought against him.

(3) Procedure. The opposite party may prior to or at the time of the hearing on the motion file counteraffidavits. The judgment or decree sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. . . ."

The only issue, therefore, is do "the pleadings, depositions, and admissions on file, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment . . . as a matter of law?"

 It was said in J. J. Brown Co., Inc. v. J. L. Simmons Co., Inc. (1954) 2 Ill App2d 132, 118 NE2d 781: "The purpose of a summary judgment procedure is not to try an issue of fact but rather to determine whether one exists. . . . The right of the moving party should be free from doubt, determinable solely as a question of law. . . . Toward this end, the supporting affidavits are to be construed most strongly against the movant . . . and the whole record must be considered." And see: Bertlee Co., Inc. v. Illinois Publishing & Printing Co. (1943) 320 Ill App 490, 52 NE2d 47; Schumacher et al. v. Fatten (1958) 18 Ill App2d 387, 152 NE2d 402; Loving v. Allstate Ins. Co. (1958) 17 Ill App2d 230, 149 NE2d 641; Naus v. Joanna-Western Mills Co. (1958) 18 Ill App2d 85, 151 NE2d 432.

██ ██ We have also had occasion to pass upon an appeal of this nature, setting forth the rules of law applicable in a summary judgment case, in Simaitis v. Thrash (1960) 25 Ill App2d 340, 166 NE2d 306, where we said, pp 347–348:

"Summary judgment procedure may not be used to impair the right of trial by jury. Its purpose is not to try an issue of fact but to try whether one exists between parties within the legal meaning. Sampson Co. v. Mandel Bros., 3 Ill App2d 92, 120 NE2d 571. The purpose of summary judgment proceedings is to determine whether there is any genuine triable issue of fact which must be passed upon and, if there is, the motion for sum-

mary judgment must be denied. Gribben v. Interstate Motor Freight System Co., 18 Ill App2d 96, 151 NE2d 443.

The right to summary judgment must be free from doubt and determinable solely as a question of law and if there is disagreement on any material fact or facts the motion should be denied. To warrant the granting of a motion for summary judgment based on discovery depositions, a fact or facts that would bar recovery as a matter of law must be admitted so clear and unequivocally that such admission is not open to dispute or different interpretations."

And see: Ness v. Bilbob Inn, Inc. et al. (1957) 15 Ill App2d 340, 146 NE2d 234.

The testimony of the plaintiff in her deposition, on which the defendant chiefly relies, reflects only admissions that she did not complain of the defendant's driving on Alpine Road, that the defendant's driving prior to the time of the occurrence on Alpine Road gave her no concern about danger or for her safety, and that the defendant was driving, in her opinion, reasonably, or sensibly, or carefully just prior to the accident, and she was not afraid of his driving.

██ First, without going into other possible phases of the matter, we do not believe any of those statements by the plaintiff in her deposition would bar a recovery as a matter of law on at least the charge in the complaint that the defendant wantonly, wilfully, and maliciously omitted to keep a proper lookout along the highway in front of the auto so as to discover and observe lawful and proper traffic controls and signs placed along the road. The alleged failure to keep a proper lookout under all the circumstances and conditions is at least one matter which, so far as the present record indicates, may be open to dis-

pute and as to which different interpretations may be placed on the evidence bearing thereon. The complaint, it will be remembered, asserts that as a result of one or more of the acts of the defendant set forth therein his automobile did go off the highway, through a ditch, through a fence, a mailbox, and into the adjoining persons' yard, causing the plaintiff to be thrown from the automobile and severely injured. The alleged failure to keep a proper lookout, at least, can be a triable issue of fact for the jury to pass upon regardless of the plaintiff's deposition and is not foreclosed, as a matter of law, by the deposition.

Further, under Supreme Court Rule 19–10, Ch 110, Ill Rev Stats, 1959, par 101.19–10, a discovery deposition "so far as admissible under the rules of evidence" may be used, among other purposes, "as an admission made by a party . . . in the same manner and to the same extent as any other admission made by that person." And under Supreme Court Rule 15, Ch 110, Ill Rev Stats, 1959, par 101.15, affidavits in support of and in opposition to a motion for summary judgment "shall not consist of conclusions but of facts admissible in evidence." Affidavits must state only facts which, if called as a witness the affiant might state on the trial—mere conclusions will not avail: Soelke v. Chicago Business Men's Racing Ass'n (1942) 314 Ill App 336, 41 NE2d 232. By analogy to such affidavits, under Rule 15 (Ill Rev Stats 1959, c 110, § 101.15), and under the particular provisions of Rule 19–10, though proper admissions made by a party in a discovery deposition may be used in connection with a motion for summary judgment, (Meier v. Pocius et al. (1958) 17 Ill App2d 332, 150 NE2d 215; Phenicie v. Service Liquor Store, Inc. et al. (1960) 23 Ill App2d 492, 163 NE2d 220; Cf. Allen v. Meyer (1958) 14 Ill2d 284, 152 NE2d 576), only admissions of facts admissible in evidence and under the

369

rules of evidence may be so used, not purported admissions of conclusions, or statements of opinion, in the same manner and to the same extent as any other admission made by that person: Ehresman v. Town of Loda et al. (1960) 25 Ill App2d 259, 166 NE2d 294. Here, except for the testimony or admission of the plaintiff in her discovery deposition that she did not complain of the defendant's driving on Alpine Road, and except possibly for her statement that she was not afraid of his driving, none of the testimony of the plaintiff in her deposition on which the defendant chiefly relies as constituting admissions are admissions of facts admissible in evidence and under the rules of evidence—they are simply conclusions, or statements of opinion. Some of the statements in the plaintiff's counteraffidavits are equally objectionable—such as that it is her opinion that the defendant was driving in a wilful and wanton manner, and that he drove without maintaining a proper lookout for traffic and traffic signs—such also are mere conclusions or statements of opinion and are not facts admissible in evidence.

 The defendant's argument that the plaintiff was guilty of the same degree or kind of misconduct, if any, as the defendant—namely, contributory wilful and wanton misconduct—and cannot recover, as a matter of law, from the admitted facts, (Wilgeroth v. Maddox (1935) 281 Ill App 480) since she, as he urges, also failed to observe the stop sign or warning signs and failed to warn the defendant, is not available here because such is not stated as a grounds in the motion for summary judgment. But, if it were, it must be remembered that the highest degree of caution in a particular case may consist of inaction by the guest or passenger, and unless she sees or should have seen an obvious danger, which the driver might not see, there may be no duty on her part to warn the

driver. Considering all the circumstances here, including particularly, the plaintiff's lack of familiarity with this road and the defendant's familiarity with it, whether she was guilty or not of contributory wilful and wanton misconduct was clearly a fact question, so far as indicated by the present record. Cf: Smith v. Polukey et al. (1959), 22 Ill App2d 238, 160 NE2d 508.

The claimed right of the defendant to a summary judgment is not free from doubt and is not determinable solely as a question of law. There is disagreement on material facts. A fact or facts that would bar recovery as a matter of law are not admitted so clearly and unequivocally in the deposition that such admission is not open to dispute or different interpretations. Considering the whole record, to this point, so far as the matters are admissible to be considered, the pleadings, depositions, and admissions on file do not show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Accordingly, the judgment is reversed and the cause remanded, with directions to deny the motion for summary judgment, and for further proceedings.

Reversed and remanded.

SPIVEY, P. J. and WRIGHT, J., concur.